UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHEN STOUTE, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 19-11271-WGY |
| | ) | |
| CITY OF TEWKSBURY, et al., | ) | |
| Defendants. | ) | |
| | ) | |

YOUNG, D.J.                                                    July 16, 2019

**MEMORANDUM AND ORDER**

On June 7, 2019, pro se plaintiff Stephen Stoute, a resident of
East Boston, filed a civil rights complaint naming as defendants the
City of Tewksbury and two Tewskbury police officers.  See Docket No.
1.  With the complaint, Stoute filed motions for leave to proceed in
forma pauperis and for appointment of counsel.  See Docket Nos. 2, 3.

**I.   Relevant Background**

The following facts are based on the allegations in the
complaint and are assumed to be true for purposes of this decision.
On June 22, 2018, plaintiff was making product deliveries in
Tewksbury and travelling at 14 miles per hour.  A Tewksbury police
officer began to follow plaintiff.  When plaintiff stopped to make a
delivery to a customer, the police officer turned on his siren.  When
plaintiff asked the reason for the stop, the officer threatened
plaintiff with arrest if Stoute didn't hand over his license and
registration.  The officer had his hand on his gun and, out of fear
for his life, plaintiff provided the officer with his license and

registration.  When plaintiff asked why he was being held, the officer initially stated that Stoute failed to wear his seatbelt. When Stoute responded that he was wearing his seatbelt, the officer stated that the vehicle's headlights are out.  The officer failed to respond when Stoute asked him which headlight was out.  Stoute asked for a supervisor, who arrived and handed Stoute a citation for no headlights.

Plaintiff received a letter dated March 30, 2018, from the Registry of Motor Vehicles.  The letter stated that if Stoute doesn't pay the citation by May 9, 2018, his right to operate an automobile will be taken away.  Plaintiff was coerced into paying the citation.

In June 2018, Stoute filed a complaint with the civil rights division of the Massachusetts Attorney General's office.  No action was taken by the AG and so plaintiff filed in federal court.

**II.  Motion for Leave to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915, a person seeking to proceed in forma pauperis must submit an affidavit that includes "a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Stoute filed this statement using a form application provided by the Court. See Docket No. 2.  Attached to the application is an income verification document from the Department of Transitional Assistance. Id.

Based upon the financial disclosures in Stoute's application, the court concludes that Stoute has shown that he is without assets to pay the filing fee. Accordingly, his application is allowed.

## III. Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the complaint, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555. "The fundamental purpose" of

pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A pro se plaintiff such as Stoute is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## IV. Plaintiff's Complaint is Subject to Dismissal

The federal criminal statute referenced in the complaint, 18 U.S.C. § 241, does not confer a private right of action. See Bailey v. Bureau of Prisons, 2015 WL 5694120 (D.D.C. Sept. 28, 2015) (18 U.S.C. §§ 241, 242 and others do not confer a private right of action). As a private citizen, Stoute cannot bring a criminal action pursuant to Section 241 and such claim is subject to dismissal.

Although the plaintiff does not invoke 42 U.S.C. § 1983, the court liberally construes the pro se complaint as asserting a claim under 42 U.S.C. § 1983. Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations. Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citing Rehberg v. Paulk, 566 U.S. 356, 360 (2012)).

The facts as alleged in the complaint fail to state a Section

1983 claim against the defendant police officers.  The Fourth

Amendment, which applies to the states through the Fourteenth

Amendment, protects against unreasonable searches and seizures by law

enforcement officers.  Mapp v. Ohio, 367 U.S. 643, 655 (1961).

Temporary detention of individuals during the stop of an automobile

by the police, even if only for a brief period and for a limited

purpose, constitutes a "seizure" within the meaning of this

provision.  See Delaware v. Prouse, 440 U.S. 648, 653 (1979).  "As a

general matter, the decision to stop an automobile is reasonable

where the police have probable cause to believe that a traffic

violation has occurred."  Whren v. United States, 517 U .S. 806, 810

(1996).  The factual allegations are insufficient to establish that

either of the defendant police officers violated his rights under the

Fourth Amendment.

Similarly, the complaint fails to state a claim against the City

of Tewksbury.  For an official capacity claim against the City of

Tewksbury, the question is whether the City itself violated the

plaintiff's constitutional rights.  A municipality may be found

liable under Section 1983 only if the violation of the plaintiff's

rights is attributable to a municipal policy or custom.  Monell v.

Dep't. of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)).  Therefore,

a viable Section 1983 claim must show (1) a violation of a protected

right, and (2) the violation was attributable to a policy or custom

of the City of Salem. See Collins v. City of Harker Heights, 503 U.S.

115, 120 (1992).  Here, the complaint fails to reference a policy or

custom by the City of Tewksbury to support a Section 1983 claim.

Plaintiff's complaint fails to allege that any deprivation of his

rights was attributable to a policy or custom of the city.  Absent

such claim, there is no support for a Section 1983 claim.  Therefore,

the claims against the City of Tewksbury are subject to dismissal.

## V.    Plaintiff May File an Amended Complaint

Even construed liberally, Stoute's complaint fails to state a

claim upon which relief may be granted.  "The court should freely

give leave [to amend] when justice so requires." Fed. R. Civ. P.

15(a)(2).  Given that Stoute is proceeding pro se, and to the extent

he wishes to proceed, he will be granted an opportunity to file an

amended complaint that sets forth plausible claims upon which relief

may be granted.

Any amended complaint will completely replace, not supplement,

the original complaint.  Connectu LLC v. Zuckerberg, 522 F.3d 82, 91

(1st Cir. 2008) (an amended complaint completely replaces the

original complaint).  Plaintiff must provide a short and plain

statement of the relevant facts supporting each claim against each

defendant named in the amended complaint.  If an amended complaint is

filed, it will be further screened.

Accordingly, the Court hereby ORDERS:

1.    Plaintiff's motion (Docket No. 2) for leave to proceed in
      forma pauperis is allowed.

2.    Plaintiff's motion (Docket No. 3) to appoint counsel is
      denied without prejudice.

[6]

3.   If Stoute wishes to proceed with this action, he must file, within 21 days of the date of this Memorandum and Order, an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted.  Failure to do so will result in the dismissal of this action.

4.   No summons shall issue pending further order of the court.

**SO ORDERED.**


                              /s/ William G. Young
                              WILLIAM G. YOUNG
                              UNITED STATES DISTRICT JUDGE