

TO: Clerk for the District of Massachusetts Federl Court

From: Stephen Stoute

RE: Relief from a motion or judgement pursuant to Rule 60 for case 19 - cv - 11271

Date: Sept 4, 2020

The Plaintiff motions the Court for relief from motion or judgement pursuant to Rule 60 for the following reasons:

1. Case: 19 - cv - 11271 was assigned to Judge Young.

2. Judge Young rather than act as a third person unbiased orbitor, acted as a lawyer defending the actions of the Defendants to case :19 - cv - 11271

3. **Code of Conduct for the United States Judges** provides that

    **Canon 1** : A judge should uphold the integrity and Independence of the Judiciary

    **Canon2**: A Judge should avoid Impropriety and the Appearance of Impropriety in ALL Activities.

    **Canon 3**: A Judge Should Perform the Duties of the Office Impartially and Diligently.

    **Canon 4**: A Judge May Engage in Extra - judicial Activities to Improve the Law, the Legal System, and the Administration of Justice.

    **Canon 5**: A Judge Should Regulate Extra -Judicial Activities to minimize the risk of conflict with Judicial Duties.

    **Canon 6**: A judge should regularly file reports of compensation received for law related and extra -judicial activities

    **Canon 7**: A judge should refrain from political activity

4. The Plaintiff demanded in writing Judge Young oath of office, anti-bribery statement and foreign agent registration statement pursuant to the Foreign agents registration act of 1938, as amended.

5.     **What is Foreign** Blacks Law Dictionary

belonging to another nation or country; belonging or attached to anotherjurisdiction; made, done, or rendered in another state or jurisdiction; subject to anotherjuridiction; operating or solvable in nother territory; extrinsic;outside' extraordinary.

6. Title 22 U.S.C foreign relations and intercourse chapter 11 identifies <u>all public officials as foreign agents.</u>

7. Federal rules of civil procedure(FRCP) 4j states that the court jurisdiction and immunity falls under a <u>foreign state</u> .

8. **Loss of Nationality**

Pursuant to 8 U.S Code Section 1481, <u>taking an oath</u> or <u>making an affirmation</u> or other <u>formal declaration</u> of allegiance to a foreign state or a political subdivision thereof, after having attained the age of eigtheen years; accepting, serving in, or performing the duties of any office, post, or <u>employment</u> under the government of a foreign state or political subdivision thereof, after attaining the age of eigtheen years for which office, post or employment an oath, affirmation or <u>declaration of allegiance</u> is required; <u>constitutes a loss of Nationality.</u>

9. **Foreign Agents Registration Act of 1938, as amended, 22 U.S.C section 611**

22 U.S.C Section 611- Definitions

(a) The term "person" includes an <u>individual</u>, <u>partnership</u>, association, <u>corporation</u>, organization, or any other combination of individuals;

(b) the term "foreign Principal" includes

    (1) a government of a foreign country and a foreign political party;

22 U.S.C section 611 - definitions provides that:

    (c) expect[1] as provided in subsection(d) of this section, the term "agent of a foreign principal" means -(1) any <u>person who acts as an agent</u>, representative, <u>employee</u>, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, <u>financed</u> , or subsidized in whole or in major part by a foreign principal, and who directly or through any other person

    (i) engages within the United States in political activities for or in the <u>interest of such foreign principal;</u>

    (iv) within the United States <u>represents the interest of such foreign principal before any agency or official of the Government of the United States;</u> and

    (2) any person who <u>agrees</u> , consents, <u>assumes or purports to acts</u> or who is or holds himself out to be , wether or not pursuant to contractual relationship, an agent of a foreign principal as defined in clause(1) of this subsection.

10.     **Privacy act statement**: filing of this document is <u>required</u> for the Foreign Agent registration act of 1938, as amended, 22 U.S.C Section 611 et seq; for the purposes of registration under the act and <u>public disclosure.</u> Provisions of the information requested is <u>mandatory</u>, and failure to provide the information is subject to the penalty and enforcement provisions established in section 8 of the act. Every registration statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this act is a public record open to public examination, etc ....

11. Foreign Agent Registration Act provides:

No person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto....[E]very person who becomes an agent of a foreign principal shall, within ten days thereafter, file with the Attorney General, in duplicate, a registration statement, under oath on a form prescribed by the Attorney General.

22 U.S.C Section 618(a) of the statute makes it a felony to <u>willfully</u> violate the Act or to willfully make a false statement of material fact in, or omit a material fact from, a registration statement or supplement.

12.     22 U.S.C section 618(a)

2 (a) Violations; false statements and willful omissions

any person who -

(1) willfully violates any provision of this subchapter or any regulation thereunder, or

(2) in any registration statement or supplement thereto or in any other document filed with or furnished to the Attorney General under the provisions of this subchapter willfully makes a false statement of a material fact or willfully omits any material fact required to be stated therein or willfully omits any material fact or a copy of a material document necessary to make the statements therein and copies of documents furnished therewith not misleading, shall, upon conviction thereof, be punished by a fine of not more than $10,000 or by imprisonment for not more than five years or both,....

"no person shall act as an agent of a foreign principal" 22 U.S.C section 612(a) (emphasis added). It is a crime to "act" "unless" one has registered - the statute does not simply state that the failure to register is unlawful. undertaking activities on behalf of a foreign client, or acting as a foreign agent per se, it is illegal to act as an undisclosed foreign agent.

13. All of the above laws have even been ruled upon in "United States of America v. Paul j Manafort Jr by United States District Judge Amy Berman Jackson No. 17 - 0201 - 01 (ABJ).

14. All of the above laws have also been ruled upon in RABINOWITZ V. KENNEDY.

**15. UNITED STATES SUPREME COURT**

**RABINOWITZ V. KENNEDY**

**NO. 287**

**Argued: March 2, 1964 decided: March 30, 1964**

We hold, for the reasons stated below, that the Foreign Agents Registration Act plainly and unquestionably requires petitioners to register. Since we conclude that the Court of Appeals was correct in ordering the case dismissed, but for the reasons other than those relied upon in its opinion, we do not pass upon the reasoning by which that court arrived at its decision, nor do we have occasion to consider the scope of the declaratory judgement remedy or the sovereign immunity doctrine. 1 [ 376 U.S. 605, 608]

we conclude, therefore, that petitioners, <u>attorneys representing a foreign government</u> in legal matters including <u>litigation</u>, <u>are not exempt</u> from registering under the Foreign Agent Registration Act.

## **ARGUMENT**

16. Based off of 22 U.S.C Section 611 and 22 U.S.C section 612, 22 U.S.C section 618, the Plaintiff demanded the Foreign Agent registration Statement, oath of office and anti-bribery statement from Judge Young.

17. Judge Young did not produce the documents required within 10 days of the request from the Plaintiff.

18. Judge Young in failing to produce the Proper documentation acted outside the courts jurisdiction.

19. Judge Young Lacked the proper jurisdiction to even be dealing with the Plaintiff.

20. The Plaintiff requested the Foreign Agents Registration Statement with the Department of Justice.

21. No such documents existed with the Department of Justice.

22. This means that Judge Young acted as an unregistered and undisclosed foreign Agent and thus violated the Foreign Agent Registration Act, more specifically 22 U.S.C Section 612 and 22 U.S.C section 618. In order to validate Judge young ruling on Civil Action No. 19 - cv - 11271

23. Judge Young would have to have complied with 22 U.S.C section 612, U.S.C section 618 and 22 U.S.C section 611 within 10 days of taking on the case which Young did not, therefore Young ruling on that case is null and void.

24. Regardless of who initiated the contract, if the public official(s)/ agents of foreign principal(s)

fail to perform their duties, and/ or insist on contracting without providing the Foreign Agent Registration Act, said public official(s)/ Agent(s) agree that jurisdiction has not been properly established; hence, agrees that said public official(s)/ agent(s) will be in violation of the FCPA( Foreign Corruption Practice Act) and any other violations deemed suitable.

24. 25.    **Rule 60. Relief from a judgement or order**

(b) Grounds for Relief FROM A Final Judgement, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgement, order, or proceeding for the following reasons:

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b)

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgement is <u>void</u>

(6) any other reason that justifies relief.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to

(1) entertain an independent action to relieve a party from a judgement, order, or proceeding;

(3) set aside a judgement for <u>fraud on the court</u>

*S. Sterile*

Sept 4, 2020